
UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| DAVID H. JOHNSTON,<br><br>Petitioner,<br><br>vs.<br><br>ROBERT DOOLEY, WARDEN, MIKE DURFEE STATE PRISON; AND THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA,<br><br>Respondents. | 1:16-CV-01035-CBK<br><br>OPINION AND ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking to attack his 2013 state court conviction for sexual contact with a child and the 12 year sentence imposed. I conducted an initial consideration of the motion and ordered the respondents to answer.

Petitioner filed a motion for an injunction prohibiting the South Dakota Department of Corrections from conducting polygraph examinations on inmates who are convicted sex offenders as part of the sex offender treatment program. That motion was denied on the basis that habeas actions under § 2254 are challenges to the fact of confinement, not the conditions of confinement, and that any challenge to the conditions of confinement must be raised in an action under 42 U.S.C. § 1983.

Respondents have filed a motion to dismiss the habeas petition for failure to exhaust and on the basis of procedural default.

Petitioner was sentenced in March 1998 (for the crime of sexual contact with a child under age sixteen) to fifteen years custody, with five years suspended (CR 97-761). In April 2010, the South Dakota Board of Pardons and Paroles revoked his suspended sentence.

Also in April 2010, petitioner was charged with the crime of sexual contact with a child under the age of 16, the alleged crime having occurred in 2009 (CR 10-0336). He pleaded guilty to that offense and was sentenced in August 2013, to twelve years custody, consecutive to the

sentence he was then currently serving. He filed a direct appeal to the South Dakota Supreme Court on September 16, 2013, which was dismissed for failing to comply with state law service requirements.

Petitioner filed a state court petition for a writ of habeas corpus on June 24, 2014, and counsel was appointed to represent him (CIV 14-241). The basis of his state court habeas claim was that the sentencing judge erred in sentencing him in 2010 under the "new law" for an offense which occurred in 1996, and was therefore an "old law" case. He further contended that the South Dakota Board of Pardons and Paroles acted outside the law and the scope of their authority in revoking his suspended sentence and taking away his "street/good time." He contended that the Board acted in violation of the separation of powers in both the state and federal Constitutions because it was an executive branch agency whose members acted as judicial officers. He claimed counsel was ineffective as to his 2013 conviction and sentence. He claimed that the judge violated the code of judicial ethics by threatening to sentence him at the statutory maximum sentence if he did not take a plea deal. He made claims that he was unlawfully arrested without a warrant by a probation officer and that a police detective committed witness tampering by interviewing witnesses. He raised claims of malicious prosecution and prosecutorial misconduct. He claimed violations of his Fifth Amendment rights arising out of the use of polygraphs as a part of the Department of Corrections' sex offender management program. He claimed that various officials had committed perjury in connection with the parole violation hearing, including the polygraph examiner. Finally, he claimed that he was forced to plead guilty by threats and intimidation.

In May 2015, petitioner entered into a stipulation with the state's attorney that his sentence in CR 10-0336 would be amended to give him credit for 1,264 days served in exchange for his dismissal of the pending habeas corpus case and that stipulation was approved by a state Circuit Court judge. Petitioner thereafter filed a motion to dismiss his habeas case and that motion was granted in August 2015.

On September 11, 2015, petitioner filed a motion for a certificate of probable cause to allow him to appeal the "final decision which denied habeas relief." He contended that his court appointed habeas counsel failed to amend his petition to separate his claims regarding the 2010 conviction from his claims regarding the 2013 conviction. For some unknown reason, his motion was not filed by the clerk until November 30, 2015. A state Circuit Court judge denied

2

the motion for a certificate of probable cause on that same date. On December 2015, petitioner filed a motion for a certificate of probable cause in the South Dakota Supreme Court, seeking permission to appeal from "the Habeas trial court's final decision which denied Habeas relief." The South Dakota Supreme Court dismissed the motion on July 11, 2016. Petitioner thereafter filed the instant federal petition for a writ of habeas corpus on August 10, 2016.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires petitioner to exhaust available state court remedies prior to seeking federal habeas corpus. 28 U.S.C. § 2254(b)(1)(A), Sasser v. Hobbs, 735 F.3d 833, 842 (8th Cir. 2013). "The exhaustion requirement has as its purpose giving state courts 'the first opportunity to review federal constitutional issues and to correct federal constitutional errors made by the state's trial courts.'" Smittie v. Lockhart, 843 F.2d 295, 296-97 (8th Cir. 1988).

The state courts did not have a full opportunity to review any federal constitutional issues because petitioner voluntarily dismissed his state court petition for a writ of habeas corpus. Despite his claims in both of his state court motions for a certificate of probable cause that he was seeking to appeal from the South Dakota Circuit Court's "final decision," there was clearly no final decision entered on the merits of his habeas case.

Respondents contend that the petition should not be dismissed for failure to exhaust but instead should be dismissed on the basis of procedural default. Respondents contend that petitioner's failure to timely seek review in state court amounts to a waiver of his right to seek review in federal court.

I decline to rule that petitioner is procedurally barred from bringing a federal habeas petition based upon his voluntary dismissal of his state court petition or his failure to timely file a direct appeal from his 2013 conviction and sentence. Petitioner contends that his state court procedural defaults were the result of ineffective assistance of counsel. Whether petitioner may raise his federal constitutional challenges to his 2013 conviction and sentence in a second state court petition under the circumstances present here is a matter for the state court to decide in the first instance.

I have confidence that the state court will deal with petitioner's claims in a timely and appropriate manner.

3

Now, therefore,

IT IS ORDERED:

1. Respondents' motion to dismiss with prejudice and with costs, Doc. 10, is denied.

2. The petition for a writ of habeas corpus is dismissed without prejudice to allow petitioner an opportunity to exhaust his state court remedies.

DATED this 2nd day May, 2017.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4